Matter of Dimitry E. (Clarissa E.) (2019 NY Slip Op 53950)





Matter of Dimitry E. (Clarissa E.)


2019 NY Slip Op 53950


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

527274

[*1]In the Matter of Dimitry E. and Another, Alleged to be Neglected Children. Broome County Department of Social Services, Respondent; Clarissa E., Appellant. (And Another Related Proceeding.)

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Monique McBride, Albany, for appellant.
Broome County Department of Social Services, Binghamton (Thomas P. Coulson of counsel), for respondent.
Palmer J. Pelella, Owego, attorney for the children.
Broome County Department of Social Services, Binghamton (Thomas P. Coulson of counsel), for respondent.


Palmer J. Pelella, Owego, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 12, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected and continued the placement of the subject children with their grandmother.
Respondent is the mother of two children (born in 2016 and 2017). In October 2017, following the children's temporary emergency removal from respondent's care (see Family Ct Act § 1024), petitioner commenced this neglect proceeding alleging, among other things, that respondent had failed to exercise a minimum degree of care in supplying the children with adequate food, clothing, shelter or medical care and in providing them with proper supervision or guardianship. After a fact-finding hearing, Family Court adjudged the children to have been neglected by respondent. The matter was thereafter set down for a combined dispositional/permanency hearing, at which time the parties stipulated to an order of disposition which, among other things, placed respondent under petitioner's supervision for one year and continued the children's placement with the maternal grandmother until the completion of the next permanency hearing. Family Court subsequently entered a dispositional order consistent with the parties' stipulation. Respondent appeals, solely arguing that the dispositional order is not supported by a sound and substantial basis in the record.
It is well settled that an appeal does not lie from an order entered upon consent (see Matter of Trenton G. [Lianne H.], 100 AD3d 1124, 1125 [2012]; Matter of Connor CC. [Jennifer DD.], 99 AD3d 1127, 1128 [2012]). Thus, inasmuch as respondent consented to the order from which she appeals, her appeal must be dismissed (see Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1470 [2017], lv denied 31 NY3d 904 [2018]; Matter of Bianca QQ. [Kiyonna SS.], 75 AD3d 679, 681 [2010]). To the extent that respondent argues that such consent was involuntary, the proper remedy was for her to move to vacate the order in Family Court upon that basis, which she did not do (see Matter of Natalee M., 155 AD3d at 1470; Matter of Connor CC. [Jennifer DD.], 99 AD3d at 1128).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.